Mildred Stuart v. Commissioner.
Stuart v. Commissioner
Docket No. 22252.
United States Tax Court
1951 Tax Ct. Memo LEXIS 163; 10 T.C.M. (CCH) 609; T.C.M. (RIA) 51201; June 29, 1951
*163 Mark Marcosson, C.P.A., 444 Madison Ave., New York 22, N. Y., for the petitioner. Joseph F. Rogers, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for the taxable year 1945 in the amount of $478. The only question for determination is that of the amount expended by petitioner for meals and lodging while away from home on business. By amended answer, the respondent alleged that the petitioner had failed to include in her report of income $1,350 of expense money which she had received from her employer. In her reply, the petitioner admitted the correctness of the respondent's allegation. Findings of Fact The petitioner, an individual, resides at White Plains, New York. She filed her income tax return for the year 1945 with the collector of internal revenue for the fourteenth district of New York. The petitioner was employed by Bonwit Teller & Company in August 1943 at its White Plains store. She rented an unfurnished apartment, using her own furniture and has since maintained the apartment as her home. She worked as merchandise manager, and later *164 as manager, in the White Plains store until November 1944, when she was sent by her employer to Palm Beach, Florida, to manage its store there during the tourist season. Operation of the Palm Beach store usually started in November and extended into May of the following year. During 1945, the petitioner worked in Palm Beach from January 1 through May 12, and from early November through December 29, a total of twenty-seven weeks. In June of 1945, the petitioner returned to her work at White Plains and, except for her vacation period, continued her work there until November 3, when she went back to the Palm Beach store for the tourist season. From January 1 through September 2, the petitioner's salary was $75 a week. Thereafter it was $100 a week. She was paid additional compensation in the form of commissions or bonuses. For the twenty-seven week period served by her at the Palm Beach store, she received expense money from Bonwit Teller & Company at the rate of $50 a week. The total payments received by the petitioner during 1945 for salary, commissions and expenses were as follows: Salary and Commission, White Plains
$1,900
Salary and Commission, Palm Beach
2,875
Expense Allowance
1,350
$6,125
*165 In her income tax return for 1945, the petitioner reported income as follows: Bonwit Teller & Company, White Plains,
N. Y.
$1,900
Bonwit Teller & Company, White Plains,
N. Y.
2,875
$4,775
Less: Expense attached
2,135
$2,640
To the return the petitioner attached a schedule giving a breakdown of the $2,135 as follows: Expenses away from home and part reimbursement included in withholding slips. Jan. 1, 1945 to May 15, 1945 Nov. 8, 1945 to Dec. 31, 1945 Rent
$1,000.00
Utilities
77.00
Maid Service
224.00
Meals - 28 weeks at $28.00
784.00
Entertainment
50.00
$2,135.00
The respondent disallowed the claimed deduction of $2,135, and in his statement attached to the notice of deficiency, made the following explanation: "Since you have established a legal residence in the State of Florida since 1942 business expenses in the amount of $2135.00 while employed there have been disallowed." Opinion The petitioner now concedes that her failure to include the $1,350 of expense money in her gross income was in error, and that her gross income should be increased by that amount. She still contends that her expenses while away from *166 home on business for meals and lodging in the amount claimed are deductible under section 23 (a) (1) (A) of the Internal Revenue Code. [1]
The respondent now makes no claim that the petitioner is not entitled to deduct as claimed the amount expended by her while in Florida for meals and lodging, under the provisions of the statute cited. It is his position, however, that she has failed to prove that her expenditures for the purposes indicated exceeded $1,350, the amount allowed to her by her employer. The only evidence as to the amount of expenditures for meals and lodging by petitioner while in Palm Beach was *167 the petitioner's oral testimony, and the sums claimed to have been so expended were given from memory. She supplied no supporting data or documents, although it appears that she might have done so with respect to the amounts paid as rent on her apartment, since it was her testimony that the rent was paid by checks. It is most unlikely, for instance, that the $1,000 claimed as rent for the periods January 1, 1945 to May 15, 1945, and November 8, 1945 to December 31, 1945, would be the flat sum of $1,000. Similarly the other items appear to be in estimated amounts. Such being the state of the record, and applying the rule under Cohan v. Commissioner, 39 Fed. (2d) 540, wherein the Court, in such cases, is to bear heavily upon the party whose inexactitude is of his or her own making, it is our conclusion that the petitioner has not shown that her meals and lodging while in Palm Beach exceeded $1,350 in amount. The respondent, on brief, concedes the deductibility of that amount. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩